## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**ROBERT OTTO KINCHEN, JR.**                        **CIVIL ACTION**

**VERSUS**                                                    **NO: 08-5118-JCZ-SS**

**MICHAEL J. ASTRUE, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**

## REPORT AND RECOMMENDATION

The plaintiff, Robert Otto Kinchen, Jr. ("Kinchen"), seeks judicial review of the decision of the Commissioner of the Social Security Administration (the Commissioner") affirming the determination of overpayment of Supplemental Security Income ("SSI") benefits due to earned income from self-employment in 2005 and 2006.

## PROCEDURAL HISTORY

On December 7, 2006, the Commissioner notified Kinchen that income from self employment reduced his SSI benefits. R. 62-64. On February 7, 2007, Kinchen disagreed with this determination. R. 59-60. On March 23, 2007, the Commissioner concluded that its initial determination was correct. R. 62-64. On March 29, 2007, the Commissioner notified Kinchen of changes in his SSI benefits for certain months in 2006 because of net income from self-employment in 2006. R. 67-76. The Commissioner determined that income received by Kinchen in April, May and June, 2006 reduced the SSI payments due for June, July and August, 2006. R. 75.-76. On January 8, 2007, the Commissioner reduced the overpayment of benefits for 2006, but not for 2005. R. 55-57.

On July 24, 2008, there was a hearing before an Administrative Law Judge ("ALJ") in which Kinchen participated by telephone. R. 157-65. On August 6, 2008, the ALJ issued an unfavorable decision. R. 8-13. On November 15, 2008, the Appeals Council denied Kinchen's request for review. R. 4-6.

On January 29, 2009, Kinchen filed a complaint. Rec. doc. 1. He was granted leave to proceed *in forma pauperis*. Rec. doc. 2. The Commissioner filed an answer and a transcript of the administrative proceeding. Rec. docs. 6 and 7. On July 27, 2009, Kinchen filed a motion for summary judgment. Rec. doc. 9. The Commissioner filed a cross-motion for summary judgment. Rec. doc. 11.

In all of these proceedings Kinchen has appeared on his own behalf.[1]

## STATEMENT OF ISSUES ON APPEAL

Issue: Whether the ALJ's decision was supported by substantial evidence and in accord with the appropriate legal standards?

## THE COMMISSIONER'S FINDINGS RELEVANT TO ISSUES ON APPEAL

The ALJ made the following findings relevant to the issues on appeal:

1. Kinchen received income in the form of earnings from self employment in 2005 and 2006.

2. Kinchen was overpaid SSI benefits in 2005 and 2006 as a result of his income.

3. Kinchen failed to demonstrate any error in the determination of his earned income, the calculation of his actual monthly benefits due in 2005 and 2006, or the amount of overpayment calculated by the Administration.

R. 12.

## ANALYSIS

---

[1] Kinchen has appeared *pro se* in numerous matters: (1) Kinchen v. Buie, 06-3516-KDE; (2) Kinchen v. Wilson, 06-5671-MLCF; (3) Kinchen v. Stogner, 05-0944-PB; (4) Kinchen v. HHS, 03-1866-SRD; (5) Kinchen v. ESP, 96-mc-1124-MLS; (6) Kinchen v. Transcarriers Inc., 93-2083-PEC; and (7) Kinchen v. HHS, 92-3975-MLCF.

a. **Standard of Review.**

The function of this court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000); Spellman v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971); Newton, 209 F.3d at 452. Alternatively, substantial evidence may be described as that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000). This court may not re-weigh the evidence, try the issues *de novo* or substitute its judgment for the Commissioner's. Id.; Selders v. Sullivan, 914 F.2d 614, 617 (5th Cir. 1990).

The administrative law judge is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. See Arkansas v. Oklahoma, 503 U.S. 91, 113, 112 S.Ct. 1046, 1060 (1992). Despite this court's limited function, it must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. Villa, 895 F.2d at 1022; Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

b. **Testimony at the hearing.**

Kinchen referred to the $20.00 per month which was withheld from his check. He believed he stayed within the legal boundary regarding the overpayment and his income. R. 162. His tax

returns reflected that he worked in 2005 and 2006 and had income. R. 163. He also worked in 2007 handling legal matters for Social Security claimants and made $1,200.00. R. 163-64.

c.   **Evidence**.

For 2004, Kinchen reported $2,844.28 as income from wages and salaries. R. 20-22. For 2005, he reported $1,588.08 as income from wages and salaries. R. 33. For 2006, he reported $2,007.86 as income from wages and salaries. R. 41.[2]

d.   **Plaintiff's Appeal.**

Issue. Whether the ALJ's decision was supported by substantial evidence and in accord with the appropriate legal standard?

Kinchen contends that he did not exceed income limitations. R. 148.

At the time of the hearing, the ALJ reported that the Commissioner's records indicated that Kinchen owed $181.55 for the overpayment of SSI benefits. R. 11. The reduction in Kinchen's benefits was set at $20.00 per month. R. 11. The ALJ concluded that Kinchen misunderstood how income reduces SSI benefits. The ALJ said:

> While "substantial gainful activity" is an issue in the initial determination of disability, any earned income and other types of income are used in subsequent calculations of the benefit amount due. The regulations provide for calculation of income on a monthly basis.

R. 12. As a person's earned income increases, benefits are reduced. 20 C.F.R. § 416.1100. Net earnings from self-employment income are included in earned income. 20 C.F.R. § 416.1111.

The ALJ found that the facts were not disputed. Kinchen's income tax records demonstrate that he worked and earned income in 2005 and 2006. He confirmed this at the hearing. R. 163. Kinchen did not present any evidence that the Commissioner's calculation of the amount of the

---

[2] The administrative record contains medical records from Hood Memorial Hospital in Amite, Louisiana, which are not relevant to the overpayment issue. R. 102-140.

overpayment was incorrect. There is substantial evidence to support the ALJ's decision to affirm the Commissioner's determination of overpayment of SSI benefits due to Kinchen's earned income from self-employment in 2005 and 2006. The ALJ properly applied the appropriate the legal standards in evaluating the evidence.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that the Commissioner's cross-motion for summary judgment (Rec. doc. 12) be GRANTED and Kinchen's motion for summary judgment (Rec. doc. 9) be DENIED.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 21st day of August, 2009.

                                              **SALLY SHUSHAN**
                                          **United States Magistrate Judge**